**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| RAYBURN LEE GERKE, II, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-10-2319 |
| § | |
| LARRY EUGENE BAGLEY, JR., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

The plaintiffs, Rayburn Lee Gerke, II, Ashley Christine Arnold, Billie M. Gerke, Rayburn L. Gerke, Rhea Lynn Bagley, and Gerke Mechanical, Inc., sued Larry Eugene Bagley, Jr., alleging that he violated Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510 *et seq.* ("Title III") and the Texas Wiretap Act, TEX. CIV. PRAC. & REM. CODE § 123.001 *et seq*. The complaint alleges that one of the plaintiffs, Rhea Lynn Bagley, and the defendant, Larry Bagley, were married but in the process of divorcing. The plaintiffs allege that the defendant placed a voice-activated recording device in their home without their knowledge or consent. The plaintiffs allege that Larry Bagley left the device in place when he moved out of the house, with the "intention it record conversations Plaintiffs had in the household when Defendant was not present," again without the plaintiffs' knowledge or consent. (Docket Entry No. 1, ¶ 9). The plaintiffs also allege that over a year earlier, Larry Bagley had put computer keystroke-monitoring software on a computer owned by Gerke Mechanical, Inc. and used by the plaintiffs. The plaintiffs allege that Larry Bagley unlawfully monitored the computer without the plaintiffs' knowledge or consent and learned the plaintiffs' "private and sensitive information." (*Id.*, ¶ 10.) The plaintiffs allege that this

conduct violated not only the federal and state wiretap statutes but also violated their right to privacy and intentionally inflicted emotional distress. (*Id.*, ¶¶ 11–14).

In his answer, Larry Bagley moved to dismiss the statutory claims on the basis that they do not apply to interspousal eavesdropping and do not apply to the placement of a keylogger computer monitor. Bagley also asserts that his children, who lived in the home, provided consent. Finally, he argues that the plaintiffs had no reasonable expectation of privacy in their home. For the reasons explained below, the motion to dismiss is granted as to Rhea Lynn Bagley's federal statutory claim but otherwise denied.

**I.      The Legal Standard under Rule 12(b)(6)**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* abrogated the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63 ("*Conley*'s 'no set of facts' language . . . is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . ."). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544). The Court explained that "the pleading

2

standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

**II.     Analysis**

    **A.     The Federal Wiretap Act Claim**

The defendant contends that Title III does not apply to interspousal wiretaps, which is a shorthand description for electronic surveillance directed by one spouse against another. The Act provides:

> [A]ny person who (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication; (b) intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when (i) such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication; . . . (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; (d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection.

18 U.S.C. § 2511(1). For violations of the Omnibus Act, plaintiffs are entitled to appropriate declaratory and equitable relief, actual or statutory damages, and reasonable attorney's fees and litigation costs. *See id.* § 2520. The court may assess damages up to the greater of the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; $100 a day for each day of violation; or $10,000. *See id.*

Whether Title III provides a remedy for interspousal wiretapping within the marital home is a question that has divided the federal courts of appeal. The Fourth, Sixth, Eighth, Tenth, and Eleventh Circuits have held that such wiretapping is actionable under Title III. *See Glazner v. Glazner*, 347 F.3d 1212, 1214–15 (11th Cir. 2003) (en banc); *Heggy v. Heggy*, 914 F.2d 1537 (10th

Cir. 1991); *Kempf v. Kempf*, 868 F.2d 970, 973 (8th Cir. 1989); *Pritchard v. Pritchard*, 732 F.2d 372, 374 (4th Cir. 1984); *United States v. Jones,* 542 F.2d 661, 673 (6th Cir. 1976). The Second and Fifth Circuits have held that Title III does not apply to interspousal wiretaps. *See Anonymous v. Anonymous*, 558 F.2d 677, 679 (2d Cir.1977); *Simpson v. Simpson*, 490 F.2d 803, 810 (5th Cir.), *cert. denied*, 419 U.S. 897 (1974).

The defendant contends that he is entitled to dismissal of the federal statutory claim because of the interspousal exception to the Omnibus Act recognized by the Fifth Circuit. *See Simpson,* 490 F.2d at 805–06. In *Simpson,* the Fifth Circuit held that while the Omnibus Act appears to apply by its terms to spouses, "Congress did not intend such a far-reaching result, one extending into areas normally left to states, those of the marital home and domestic conflicts." *Id*. at 805. The *Simpson* court did not rule without reservation, explaining that "we are not without doubts about our decision" which "is, of course, limited to the specific facts of this case". The Fourth, Sixth, Eighth, Tenth, and Eleventh Circuits have criticized the result and reasoning of *Simpson. See Glazner v. Glazner*, 347 F.3d at 1214–15 (overruling en banc *Simpson*'s application in the Eleventh Circuit); *Heggy v. Heggy,* 944 F.2d at 1540 (rejecting both the statutory analysis and legislative interpretation of *Simpson*); *Kempf v. Kempf,* 868 F.2d at 970 (rejecting the statutory interpretation of *Simpson*); *Pritchard v. Pritchard,* 732 F.2d at 374 (finding no express or implied exception for willful, unconsented electronic surveillance between spouses); *United States v. Jones,* 542 F.2d at 666 (interpreting legislative history to find no interspousal exception); *see also Kratz v. Kratz,* 477 F.Supp. 463, 471–474 (E.D. Pa. 1979) (holding that no exception exists for interspousal wiretapping).

While the *Simpson* court itself, as well as other circuits, find fault with the *Simpson* decision, it remains the law that governs the courts of the Fifth Circuit. And while the plaintiffs raise well-reasoned arguments, it is not appropriate for this district court to deviate from binding circuit precedent in a case involving similar facts. "It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by [the Fifth Circuit] sitting en banc or by the United States Supreme Court," even another panel of the circuit cannot overrule a prior panel's decision. *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir. 1999); *United States v. Setser,* 607 F.3d 128, 131 –32 (5th Cir. 2010). Neither has occurred. Because *Simpson* is the law of this circuit, this court must follow it.

To the extent the defendant seeks to dismiss the federal statutory claims asserted by Rhea Lynn Bagley, the motion is granted. But the other plaintiffs' claims do not appear to be precluded because these plaintiffs were never married to Larry Bagley. The motion to dismiss is denied as to those plaintiffs.

To the extent the defendant moves to dismiss on the grounds that his children gave consent to the recording of the conversations for which they were present, that the computer keystroke monitoring program was not covered by the statute, and that the plaintiffs lacked a reasonable expectation of privacy in the home, the motion is denied. All these grounds require consideration of facts outside the pleadings. They are appropriately addressed on the basis of a developed record, in a motion for summary judgment, but not on a motion to dismiss.

### B. The Texas Statutory Claims

The defendant moves to dismiss the plaintiffs' cause of action under the Texas Wiretap Act, contained in Chapter 123 of the Texas Civil Practice and Remedies Code. The Texas statute mirrors

the federal statute in several respects and makes reference to it. TEX. CIV. PRAC. & REM. CODE ANN. § 123.002 (Vernon 2005). The Texas Supreme Court has not decided whether the Act creates an exception for spouses. This court, therefore, must make an "*Erie* guess" and "determine as best it can" what the Texas Supreme Court would decide. *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 530 & n.3 (5th Cir. 2004). The parties have not provided sufficient legal arguments to warrant dismissal of the state wiretap causes of action under Rule 12(b)(6). The remaining grounds to dismiss the state statutory claims require consideration of facts outside the pleadings, which is inappropriate on a motion to dismiss. The motion to dismiss the state statutory claims is denied.

### C. The Remaining Claims

The defendant has not specified a legal basis for dismissing the Texas common-law claims. The motion to dismiss those claims is denied.

SIGNED on October 18, 2010, at Houston, Texas.

                                                Lee H. Rosenthal
                                       United States District Judge